Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,

v.

ROOT'S RESTAURANT, INC., doing business as Root's Restaurant and doing business as Triangle Lake and Orlow D. Pfaff, Defendants-Appellants.

No. 80–3377.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 3, 1981.

Decided Jan. 4, 1982.

Rehearing Denied Jan. 29, 1982.

.

Benjamin T. Chinni, U. S. Dept. of Labor, Cleveland, Ohio, Donald S. Shire; U. S. Dept. of Labor, Eleanor Jenkins, Washington, D. C., for plaintiff-appellee.

Robert F. Weaver, Jr., Vorys, Sater, Seymour & Pease, Columbus, Ohio, Charles E. Reed, Lancaster, Ohio, for defendants-appellants.

* The Honorable Charles M. Allen, Chief Judge, U. S. District Court for the Western District of

Before LIVELY and MARTIN, Circuit Judges, and ALLEN,* District Judge.

PER CURIAM.

The defendants appeal from a judgment of the district court finding them in violation of the minimum wage provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. The district court found that the defendants required waitresses employed by them to wear uniforms at work and that when the first week's wages of various waitresses were reduced by the cost of uniforms required to start work, the total paid these waitresses was less than that required by the minimum wage provisions of the Act. The defendants contend that the findings of fact of the district court relating to the requirement that waitresses wear uniforms and the number of uniforms needed to comply with this requirement are clearly erroneous. No single uniform for waitresses was prescribed by the defendants. Rather, the defendants limited the attire of the waitresses to certain outfits which the defendants considered suitable for their type business. The compliance officer testified that the prescribed attire is typical of that worn by waitresses and which is offered for sale by uniform shops. Though the evidence is somewhat sketchy we are unable to conclude that the findings of the district court with respect to the requirement that uniforms be worn and the number required are clearly erroneous. We also believe that there was sufficient evidence from which the district court could conclude that the waitresses were required to purchase their own uniforms as a condition of working at the restaurant of the defendants.

The district court also found that the violation of the Act was willful. The result of this finding is that back wages were awarded for a three-year period rather than the normal two-year period under

Kentucky, sitting by designation.

the Act. The defendants contend that this finding was erroneous because they had had a compliance investigation by the same wage and hour officer approximately five years prior to the investigation which resulted in the present action and had been informed that they were in compliance with the Act. The government contends that the defendants knew they were covered by the Act and that it was incumbent upon them to acquaint themselves with every requirement of the Act. Several courts have held that a finding of willfulness may be based upon a showing that an employer knows or should know that his business is subject to the provisions of the Act. See *Mistretta v. Sandia Corp.*, 639 F.2d 588, 595 (10th Cir. 1980); *Laffey v. Northwest Air Lines, Inc.*, 567 F.2d 429, 439, 461–62 (D.C. Cir.1976); *Brennan v. J. M. Fields, Inc.*, 488 F.2d 433, 448 (5th Cir.), *cert. denied*, 419 U.S. 881, 95 S.Ct. 146, 42 L.Ed.2d 121 (1974). However, in none of these cases did the employer claim to rely on a prior investigation of the same business practices which had resulted in a finding of no violation. We believe the case is controlled by *Marshall v. Union Pacific Motor Freight Co.*, 650 F.2d 1085, 1092–93 (9th Cir. 1981), where the court stated, "Reliance on erroneous advice is no bar to a finding of a 'willful' violation, except for good faith reliance upon advice rendered by an appropriate government agency."

In the present case the same compliance officer examined the operations of the defendants on both occasions. At the trial this officer testified that the purpose of his first investigation was "to make a check for compliance with the Fair Labor Standards Act," and that "I apparently found whatever maintenance and/or uniform requirements there were had not violated the minimum wage." This officer testified that the first investigation was prompted by an equal pay complaint but that his normal practice was to investigate for all violations of the Act upon receiving a complaint and that it was his "recollection" that he investigated time and pay records for minimum wage, overtime and child labor laws as well as for violations of the Equal Pay Act.

There was apparently no written report of the earlier investigation.

■ We conclude that the defendants were not guilty of a willful violation of the Act under the circumstances in this case. They had the right to assume after the first investigation that their practices with respect to uniforms for the waitresses did not violate the Act, though the compliance officer apparently did not ask specifically about uniforms. Though the uniform requirements did constitute a violation of the Act, this violation was not willful where a compliance officer had given the employer a clean bill of health following an earlier investigation at a time when the same requirements with respect to uniforms were in force. *Marshall v. Union Pacific Motor Freight Co., supra.*

The judgment of the district court is affirmed in part and reversed in part. The cause is remanded for entry of a judgment based on application of the two-year limitation for nonwillful violations.

## ORDER

The appellants and the appellee have filed petitions for rehearing in which they request the court to change its previously entered order in this case. Upon consideration, the court determines that rehearing is not required and that the order should stand as written.

The court was not required to determine precisely what is uniform in the present case; it merely determined that the findings of the district judge on the issue were not clearly erroneous and this was sufficient to decide the issue before it.

The affidavit which the Secretary filed on December 31, 1981 did not change the court's conclusion that the violation in the present case was not willful. The statements in the narrative report of the 1971 investigation do not require this court to overlook the testimony of the compliance officer at trial that he "apparently found whatever maintenance and/or uniform requirements there were had not violated the minimum wage."

The petitions for rehearing filed by all parties are denied.